FAGEN FRIEDMAN & FULFROST, LLP
Elizabeth B. Mori, SBN 178688
emori@f3law.com
Jan E. Tomsky, SBN 173131
jtomsky@f3law.com
Roy A. Combs, SBN 123507
rcombs@f3law.com
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for Defendant
BERKELEY UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN ROE, JANE ROE AND THEIR MINOR SON, JASON ROE,,<br><br>Plaintiffs,<br><br>vs.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT; and DOES 1-25, inclusive,,<br><br>Defendants. | CASE NO. 3-15-CV-03871-TEH<br><br>**DEFENDANT BERKELEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>The Hon. T. Henderson<br><br>Oral Argument: Sept. 1, 2015 |

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEY OF RECORD HEREIN:**

Defendant BERKELEY UNIFIED SCHOOL DISTRICT ("District") hereby submits this memorandum of points and authorities in Opposition to Plaintiffs' Motion for a Preliminary Injunction.

## I.    INTRODUCTION

As set forth in the Complaint and Plaintiffs' moving papers on the application for a preliminary injunction, this matter solely involves the special education placement of minor student JASON ROE ("Student") in the Berkeley Unified School District public schools. Plaintiffs contend that a preliminary injunction order enjoining the District from placing Student at

Emerson Elementary School for kindergarten is necessary and warranted as Defendant has allegedly violated the Student and his parents' rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA").

## II.   FACTUAL BACKGROUND

In January of 2014, Student's parents submitted an application for Student to be enrolled in transitional kindergarten ("TK"), a general education program in the District during the 2014-2015 school year. The application form specifically states that the TK program is only a one-year program, and that parents are required apply for their child's placement in a District kindergarten program at the end of the pupil's TK year.[1] (*See* Declaration of Lisa Graham ("Graham Dec.") at ¶ 2, filed and submitted concurrently herewith.)

On March 14, 2014, Student's parents were notified that Student was assigned to the TK class at Malcolm X Elementary School. This notice included another statement reminding parents that the TK program was a one-year program, and that parents needed to apply at the end of the year in order for Student to be assigned to a kindergarten class at one of the District's elementary sites. (Graham Dec. at ¶ 4.)

On January 13, 2015, the District sent a letter reminding Student's parents of the need to apply for a kindergarten class assignment. Student's parents did apply and, on March 13, 2015, were notified that Student had been assigned to Emerson Elementary School for kindergarten for the 2015-2016 school year. (Graham Dec. at ¶¶ 5-6.)

Although Student is a student eligible for special education programs and related services under the IDEA, Student's parents have not filed a request for due process to contest his placement at Emerson Elementary School for the 2015-2016 school year.

/ / /

/ / /

---

[1] This system of re-application is necessary because the District does not operate a TK program at each of its elementary school sites. In order to ensure the fair and even distribution of all kindergarten students, including those whose parents elected not to enroll them in a TK program, the District uses a lottery system to assign students to its various elementary school sites. (Graham Dec. at ¶ 3.)

## III. PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION MUST BE DENIED AS PLAINTIFFS CANNOT DEMONSTRATE ANY LIKELIHOOD OF SUCCESS ON THE MERITS.

### A. Plaintiffs' Claims are Barred by the IDEA's Exhaustion Requirement.

Plaintiffs complaint in this matter states just two causes of action, both of which are based on alleged violations of the IDEA and related California Law.  The relief sought by Plaintiffs, for Student to remain at Malcolm X through the 2015-2016 school year, is injunctive relief available under the IDEA.  However, in order to proceed with a civil action to enforce rights under the IDEA or obtain relief available under the IDEA, as Plaintiffs have done in the instant matter, Plaintiffs are obligated to first exhaust their available administrative remedies.  The IDEA's exhaustion requirement is set forth at 20 U.S.C. §1415(l):

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

*See also* 34 C.F.R. § 300.516(e).

The Ninth Circuit Court of Appeals has adopted a "relief-centered" test to determine when exhaustion is required.  *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 871 (9th Cir. 2011) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).  Specifically, the Ninth Circuit explained this relief-centered test as follows:

> [In order] to determine what constitutes a claim for relief under the IDEA, we "consider whether a plaintiff seeks (1) monetary relief as the 'functional equivalent' of a remedy available under the IDEA, (2) 'prospective injunctive relief to alter an IEP or the educational placement of a disabled student,' or (3) 'to enforce rights that arise as a result of a denial' of a FAPE."

*M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 861 (9th Cir. 2014), *as amended* (Oct. 1, 2014) (*quoting C.O. v. Portland Pub. Schs.,* 679 F.3d 1162, 1168 (9th Cir. 2012)).

In this case it is clear from a plain reading of Plaintiffs' complaint that the exhaustion requirement set forth in 20 U.S.C. §1415(l) applies.  Plaintiffs are seeking prospective injunctive relief to alter the educational placement of Student at Emerson Elementary School and require the

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1  District to enroll Student at Malcolm X for the 2015-2016 school year.  (Complaint at p. 8.)  The
2  basis for their request lies solely in alleged procedural violations of the IDEA.  There is no
3  question that such relief may be available under the IDEA and that exhaustion of their
4  administrative remedies under the IDEA is required.
5       Plaintiffs' contention that they have no adequate remedy at law therefore is completely
6  lacking in all credibility.  Plaintiffs could have sought relief by filing a request for due process
7  pursuant to the relevant provisions of the IDEA.  Within those proceedings, they could have filed
8  a motion for "stay-put" pursuant to 20 U.S.C. § 1415(j), as through such proceedings, a student
9  with an existing special education placement can obtain an order keeping him or her in such
10 placement during the pendency of due process proceedings.  *A.D. ex rel. L.D. v. Hawaii Dep't of*
11 *Educ.*, 727 F.3d 911, 912 (9th Cir. 2013).  Notably, stay-put has been likened to an "automatic
12 preliminary injunction."  *Joshua A. v. Rocklin Unified School Dist.*, 559 F.3d 1036, 1038 (9th Cir.
13 2009).
14      Presumably in response to this issue, Defendants contend that Student would not be
15 entitled to stay-put at Malcom X in this case due to the fact that stay-put does not apply to
16 temporary placements with a specific end date.  *See K.D. ex rel. C.L. v. Dep't of Educ., Hawaii*,
17 665 F.3d 1110, 1121 (9th Cir. 2011).  Nevertheless, it is clear that an adequate remedy exists
18 under the IDEA.  Plaintiffs therefore cannot be allowed to pursue a preliminary injunction in this
19 court as such an injunction, if issued, would be a clear end-run around well-established IDEA
20 procedures.
21      **B.**     **Plaintiffs Cannot Establish a Likelihood of Success on the Merits.**
22      As represented by the Plaintiffs in their moving papers, the Ninth Circuit has applied two
23 alternative tests to evaluate the propriety of a temporary restraining order or a preliminary
24 injunction. (See Plaintiffs' Mot. for Preliminary Injunction at p. 3.)  However, regardless of what
25 test is applied, Plaintiffs must, as part of their application, show some probability of ultimate
26 success on the merits. (*See Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc.*
27 (9th Cir. 2004) 367 F.3d 1108, 1111 and *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.* (9th
28 Cir. 2001) 240 F. 3d 832, 839-40.)  Defendant submits that under no circumstances can Plaintiffs

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1  show any likelihood of success on the merits as they have not exhausted their administrative

2  remedies as set forth in the IDEA and its implementing regulations.

3  　　　　As described above, Plaintiffs' claims are clearly subject to the IDEA's exhaustion

4  requirement.  Having failed to exhaust available administrative remedies, Plaintiffs cannot sustain

5  their claims in civil court.  As a result, Plaintiffs cannot succeed on the merits and Plaintiffs'

6  motion for a preliminary injunction must be denied.

7  **IV.   CONCLUSION**

8  　　　　For the reasons set forth above, Defendant respectfully requests the Court to deny

9  Plaintiffs' Motion for a Preliminary Injunction.

10  DATED:  August 28, 2015                   Respectfully submitted,

11                                            FAGEN FRIEDMAN & FULFROST, LLP

13                                            By:     /s/ Elizabeth B. Mori
14                                                    Elizabeth B. Mori
                                                      Attorneys for Defendant
15                                                    BERKELEY UNIFIED SCHOOL DISTRICT

16  00233-00198/811311.2

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211