UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE, et al., | Case No. 15-cv-03871-TEH |
| Plaintiffs, | |
| v. | **ORDER RE: SEPTEMBER 1, 2015 HEARING** |
| BERKELEY UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

The Court has reviewed the parties' briefs on Plaintiffs' motion for a preliminary injunction, which is scheduled for hearing tomorrow.  Although it is late in the day, the Court encourages the parties to have an IEP meeting this afternoon or tomorrow so that this matter can be resolved without further litigation.  This would appear to the Court to be in the best interests of the student.

If the parties are unable to resolve this matter without further litigation, they shall come prepared to address the following questions at the motion hearing tomorrow:

<u>For Plaintiffs</u>

1. You argue in your reply that the parents did not receive a notice of procedural safeguards.  However, the IEP indicates on page 5 that "Parent/Adult Student has received a copy of the Procedural Safeguards."  How does this affect your argument that Plaintiffs should be exempted from exhausting the procedural remedies under the IDEA?

2. The student's IEP identifies the "Location" of the services as "General education classroom."  What authority do you rely on for the proposition that "location" includes a specific school?

3.  What impact does the one-year limited nature of a transitional kindergarten assignment have on this case?  Do you contend that all special education students in transitional kindergarten have a right to remain at the same school and must be exempted from the lottery process?

United States District Court
Northern District of California

1   4. Why should this Court consider the reply declarations in this case when the

2   information contained in those declarations should have been presented with the moving

3   papers?  Likewise, can the Court consider the statement of the doctor even though it is not

4   a sworn declaration?

5   5. On what authority should the Court allow the documents in this case to be filed

6   under seal in their entirety instead of requiring more narrowly tailored redactions of, for

7   example, the student's and parents' names?

8   <u>For Defendants</u>

9   6. Plaintiffs correctly observe that you responded only to the federal cause of

10   action.  Do you concede a likelihood of success on the merits of Plaintiffs' state cause of

11   action?

12   7. If you are correct that the stay-put provisions of 20 U.S.C. § 1415(j) would not

13   apply to this case, how is the relief that Plaintiffs seek – which includes a stay-put request

14   – available under the IDEA?

15   8. If the Court considers Plaintiffs' reply declarations, how do you respond to the

16   doctor's opinion that the student will suffer if he is transferred "due to his poor response to

17   transitions"?

18   9. Do you agree with Plaintiffs that the balance of harms weighs in favor of

19   granting preliminary injunctive relief?  If not, what harm would you face if the Court were

20   to grant Plaintiffs' motion, and why did you not argue that issue in your opposition?

21

22   **IT IS SO ORDERED.**

23

24   Dated:   08/31/15

_____
THELTON E. HENDERSON
United States District Judge

2